# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II**<br><br>**Plaintiff**<br><br>vs.<br><br>**Pamela Giberson a/k/a Pamala Giberson**<br><br>**Defendant** | CIVIL ACTION NO:<br><br>COMPLAINT FOR FORECLOSURE AND SALE, RECEIVERSHIP, ENTRY AND PROPERTY PRESERVATION, QUANTUM MERUIT, AND EQUITABLE MORTGAGE<br><br>RE:<br>24 Mexico Avenue, Mexico, ME 04257<br><br>Mortgage:<br>February 6, 2006<br>Book 3885, Page 245<br><br>**VACANT PROPERTY** |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Pamela Giberson a/k/a Pamala Giberson, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is real property with an assessed value of Seventy-Five Thousand Five Hundred and 00/100 ($75,500.00); thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45202.

5. The Defendant, Pamela Giberson a/k/a Pamala Giberson, is a resident of Rumford, County of Oxford and State of Maine.

## FACTS

6. On August 26, 1994, by virtue of a Warranty Deed from Andrew B. Arsenault, which is recorded in the Oxford County Registry of Deeds in **Book 2157, Page 195**, the property situated at 24 Mexico Avenue, City/Town of Mexico, County of Oxford, and State of Maine, was conveyed to John E. McDonald, Jr. and Theresa J. McDonald, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On February 6, 2006, John E. McDonald, Jr., ONLY executed and delivered to First Magnus Financial Corporation a certain Note under seal in the amount of $76,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on February 6, 2006, John E. McDonald, Jr. and Theresa J. McDonald executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for First Magnus Financial Corporation, securing the property located at 24 Mexico Avenue, Mexico, ME 04257 which Mortgage Deed is recorded in the Oxford County Registry of Deeds in **Book 3885**, **Page 245**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. Upon information and belief, on December 13, 2006, John E. McDonald, Jr. passed away.

10. On February 28, 2013, by virtue of a Joint Tenancy Warranty Deed from Theresa J. McDonald, which is recorded in the Oxford County Registry of Deeds in **Book 4960, Page 96**, the property situated at 24 Mexico Avenue, City/Town of Mexico, County of Oxford, and State of Maine, was conveyed to Theresa J. McDonald and Pamela Giberson a/k/a Pamala Giberson, with a life estate reserved for Theresa J. McDonald, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein) and Exhibit M (a true and correct copy of the Joint Tenancy Warranty Deed is attached hereto and incorporated herein.

11. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated December 26, 2013 and recorded in the Oxford County Registry of Deeds in **Book 5080**, **Page 94**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 24, 2014 and recorded in the Oxford County Registry of Deeds in **Book 5140**, **Page 325**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On November 30, 2018, an Order on Plaintiff's Motion for Default Judgment in the Declaratory Action establishing standing was entered in Rumford District Court, Docket No. RE-17-41, and was not appealed. *See* Exhibit F (a true and correct copy of the Order is attached hereto and incorporated herein).

14. Upon information and belief, the property has been vacant and secure since at least February 16, 2019. *See* Exhibit G (a true and correct copy of the Property Inspection Report).

15. The Plaintiff has expended significant resources on taxes, insurance and property preservation.

16. On October 23, 2020, Theresa J. McDonald, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed Theresa J. McDonald, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter even though the property was vacant and the letter was not required by statute. *See* Exhibit H.

18. Upon information and belief, on April 1, 2022, Theresa J. McDonald passed away. See Exhibit I (a true and correct copy of her obituary).

19. Plaintiff seeks the appointment of itself as Receiver, to confirm its access and control and obtain an *in rem* judgment against the property, due to the fact that all owners failed to cure the default prior to the expiration of the Demand Letter, the loan has been in default for eight years, and the property has been vacant and abandoned.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the present holder of the Note pursuant to endorsement by the previous holder (if

applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, hereby certifies that even though Section 6111 does not apply, all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. The total debt owed under the Note and Mortgage as of April 22, 2022 is One Hundred Thirty-Nine Thousand Eight Hundred Seventy-Five and 73/100 ($139,875.73) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $64,998.89 |
| Interest | $32,653.45 |
| Escrow/Impound Required | $23,686.81 |
| Funds to be Credited | $-423.72 |
| Rec Corp Advance Balance | $18,960.30 |
| Grand Total | $139,875.73 |

*See* Exhibit J (a true and correct copy of the Payoff Calculation is attached hereto and incorporated herein).

24. The Defendant, Pamela Giberson a/k/a Pamala Giberson is not in the Military as evidenced by the attached Exhibit K.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 24 Mexico Avenue, Mexico, County of Oxford, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the current owner and investor of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of April 22, 2022 is One Hundred Thirty-Nine Thousand Eight Hundred Seventy-Five and 73/100 ($139,875.73) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $64,998.89 |
| Interest | $32,653.45 |
| Escrow/Impound Required | $23,686.81 |
| Funds to be Credited | $-423.72 |
| Rec Corp Advance Balance | $18,960.30 |
| Grand Total | $139,875.73 |

30. The record established through the Oxford County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the owner's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. While not required as the premises was vacant, Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to Theresa J. McDonald, on October 23, 2020, evidenced by the Certificate of Mailing. *See* Exhibit H.

## COUNT II

## RECEIVERSHIP, ENTRY AND PROPERTY PRESERVATION

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On February 19, 2022, Plaintiff performed an inspection of the subject property, and determined it to be vacant and abandoned. *See* Exhibit L (a true and correct copy of the Property Inspection Report is attached hereto and incorporated herein).

35. The conditions are described in Exhibit L, which is attached to this Complaint. Specifically, Plaintiff found the following: doors were open; leaking roof; vandalism; electricity, water and gas were shut off.

36. The subject property had been previously secured and required significant maintenance since February 16, 2019. The maintenance included: removal of debris; removal of mold; boarding; and lawn care.

37. Pursuant to pursuant to the Mortgage Contract, 14 MRSA § 6327 (2)(B)(1, 2, 8 and 9), and the inspection from February 2022, the subject property is presumed to be abandoned and Plaintiff should be appointed Receiver of the Property pursuant to **Section H of the 1-4 Family Rider** to the Mortgage, granted entry for property preservation, and allowed a superior lien for all property preservation, maintenance and insurance advanced.

# COUNT III – QUANTUM MERUIT

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. First Magnus Financial Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, loaned John E. McDonald, Jr., $76,000.00. *See* Exhibit B.

40. The Defendant, Pamela Giberson a/k/a Pamala Giberson, is not personally liable and accordingly, this action does not seek personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property, is in default for failure to properly tender the September 1, 2014 payment and all subsequent payments. *See* Exhibit H.

41. As a result of the owner's failure to perform under the terms of the loan documents, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II by releasing any interest in the property.

42. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to relief under the doctrine of *quantum meruit*.

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Appoint Plaintiff the Receiver of the Abandoned property, grant the Plaintiff entry for an interior inspection of the subject property in order to ascertain the presence of any code violations and to conduct property preservation repairs.

c) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II;

d) Find that it would be inequitable for the Defendant, Pamela Giberson a/k/a Pamala Giberson, to continue to appreciate and retain the benefit of the subject property without recompensing the appropriate value in light of the fact that the property is vacant and has been abandoned;

e) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to restitution for this benefit in the form of possession and control of the property as Receiver;

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II,
By its attorneys,

Dated: May 5, 2022

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com