Receipt # 177376
Bk 5448 PG 30
01/07/2019 08:24:22 AM
Pages 6
COURT
Instr # 74
Cherri L Crockett Register of Deeds    OXFORD COUNTY

| | |
|---|---|
| STATE OF MAINE<br>OXFORD, SS: | DISTRICT COURT<br>LOCATION - RUMFORD<br>CIVIL ACTION<br>DOCKET NO. RE-17-41 |

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

**PLAINTIFF**

v.

FIRST MAGNUS FINANCIAL CORPORATION, and/or the heirs and/or successors of it, and anyone claiming by, through, or under it, and the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title, interest, or estate, legal or equitable, in the land and real estate and mortgage through or under it,

**DEFENDANT(S)**

PROPERTY ADDRESS:
24 Mexico Avenue, Mexico, Oxford County, Maine 04257

MORTGAGE RECORDED IN:
Oxford East County Registry of Deeds
in Book 3885 at Page 245

TITLE TO REAL ESTATE IS INVOLVED

### ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This cause came to be heard, on Motion of Plaintiff, by and through its attorneys having moved for a default judgment. Defendant(s) having failed to plead or otherwise defend this action, said Motion is hereby

GRANTED and it is hereby ORDERED

That default is hereby entered with respect to First Magnus Financial Corporation, and/or the heirs and/or successors of it, and anyone claiming by, through, or under it, and the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title, interest, or estate, legal or equitable, in the land and real estate and mortgage through or under. It is hereby

FURTHER ORDERED

That judgment is granted in Plaintiff's favor as follows:

EXHIBIT F

CW File #18-13156

This Court orders that the rights, status and legal relationship between the party claiming to be the rightful noteholder and current mortgagee Federal National Mortgage Association (hereinafter referred to as the "Current Lender" or Plaintiff) and First Magnus Financial Corporation (hereinafter referred to as the "Original Lender") and/or First Magnus Financial Corporation and/or the heirs and/or successors of it, and anyone claiming by, through, or under it, and the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title, interest, or estate, legal or equitable, in the land and real estate and mortgage through or under it (hereinafter referred as to as the "Unknown Defendants"), as may be applicable, with respect to certain real estate associated herewith and hereinafter referenced, be and hereby is affected by this Order, and shall be vested to and in the state of the following:

That it is hereby ORDERED as follows:

    a. that the rights, status and legal relationship between the parties with respect to the Mortgage and its assignment, are, to wit:

        i. equitable interest in favor of the owners of the real estate remains unchanged and thus the reason they are not necessary parties hereto;

        ii. a legal interest, in full and unfractured, in favor of the party claiming to be the rightful mortgagee, Current Lender, due to the assignments now existing, including, without limitation, the initial assignment from MERS acting not only as assignment of its interest, but also evidence of an assignment of Original Lender's and/or the Unknown Defendants' intention and attempt to assign the totality of all interests under the Mortgage, or, if such intent is unknown, that such retained interest was solely in the form of a resulting trust held by the Original Lender and/or the Unknown Defendants for the benefit of the later holders of the debt which it secures, due to the known transfer away from it of the Note, to wit: the party that claims to currently own the Note, Current Lender;

        iii. that Original Lender and the Unknown Defendants retain no interest not otherwise vested hereby through the assignments or, in the alternative, that such retained interest is wholly and entirely held in naked trust for the benefit of the holder of the note, and, as a non-holder of said note, such interest is duly and rightfully divested from them and vested in the party claiming to be the holder of the note, to wit: the Current Lender, other than, if any, a subordinate interest(s) to the Mortgage generally as they may now or hereafter appear, subordinate to those of the claimed noteholder, Current Lender, and/or the Landowners, such as might be held due to other security interest(s) which might be held by one or more of them due to *other* notes or obligations for which they may *be* holder, and other than as may be senior by operation of law (municipal assessments).

    That it is hereby FURTHER ORDERED, ADJUDGED, AND DECREED, as follows:

    a. that Original Lender and the Unknown Defendants and/or any other relevant parties are hereby ordered to show cause why they should not bring an action pursuant to 14 M.R.S.A. § 6701 to try their right, title, or interest in the Mortgage as senior and superior to current

mortgagee's, Current Lender's, or as separate from the party claiming to be current mortgagee's or Current Lender's;

        b. that Original Lender and the Unknown Defendants and/or any other relevant parties be ordered to bring said action in the event they cannot show cause;

        c. that Original Lender and the Unknown Defendants having neither answered nor appeared, and thus having failed to show cause as of the date of entry hereof, if one or more of them fail to do so (show cause, or bring an action, or either, or both) prior to the statutory period for filing an appeal, that Original Lender and the Unknown Defendants be forever barred from claiming any right, title or interest superior to or distinct from the party claiming to be current mortgagee of the Mortgage, other than the Landowners' equity of redemption as would be theirs when granting a mortgage as mortgagors to a mortgagee;

        d. that judgment is granted hereunder in favor of the party claiming to be the current mortgagee and current noteholder (Current Lender), vesting in that party any interest it does not currently hold such that it results in a full, complete, unsplintered legal title to the Mortgage (as by virtue of mortgage covenants granted to Original Lender as mortgagee by a mortgagor) being vested in a single party, free and clear of all senior claims other than those of equitable title by Landowners as may be applicable, or any persons claiming by, through, or under them, which judgment shall operate directly on the land and shall have the force of a release made by or on behalf of all of them of all claims inconsistent with the title established or declared thereby; and

        e. that recordation of an attested copy of this Judgment and Order, in the applicable Registry of Deeds, shall have the force and effect as if any and all necessary instruments were duly executed and recorded in said Registry, to effectuate such transfer and such status as aforesaid.

That it is hereby ALSO FURTHER ORDERED, ADJUDGED, AND DECREED, as follows:

        a. that, in accordance with its order hereinabove declaring the rights, status and legal relationship between the parties with respect to the Mortgage and its assignments, said order has been given to effectuate the interests of equity and justice and to cause the release of the interest held solely in trust (by Original Lender) to the beneficiary thereof (the party claiming to be the current holder of the note and the current mortgagee, at this time, being the Current Lender), to wit: equitable interest in favor of the Landowners, as applicable, a legal interest, in full and unfractured, in favor of the party claiming to be current mortgagee, as supported by the assignments now existing, including, without limitation, the first assignment from MERS acting not only as an assignment of its interest, but as supporting evidence of intent to assign Original Lender's and/or the Unknown Defendants' total of all interests under the Mortgage, that if said existing assignments did not transfer all interest, any retained interest was solely held for the benefit of another party, the noteholder, and thus that the Original Lender and/or the Unknown Defendants retain no interest not otherwise vested hereby through the assignments or as hereby granted due to the current mortgagee's demand, as beneficiary, for release of the interest held by the trustee, the Original Lender, other than subordinate interests to the Mortgage generally as they may now or hereafter appear, subordinate to those of the current mortgagee and/or the Landowners other than as may be senior by operation of law (municipal assessments).

CW File #18-13156

The following provisions are set forth pursuant to 14 M.R.S.A. § 2401:

The names and addresses, if known, of all parties to the action, including the counsel of record (if any or known), are on Schedule A attached hereto.

The docket number is RE-17-41.

The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure and not via other Order of this Court.

The street address of the real estate involved is 24 Mexico Avenue, Mexico, Oxford County, Maine.

The description of the real estate involved is on Schedule B attached hereto.

Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1).

The Clerk is specifically directed pursuant to M.R. Civ. P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Date: 11/26/18

Judge, Maine District Court
Tammy Ham-Thompson

Date entered in the docket book: 11/30/2018

CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S.A. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: 12/28, 2018

Darlene B Richards
Clerk of Court

Darlene B Richards

(SEAL) A True Copy Attest
Darlene B Richards
Clerk

CW File #18-13156

BK: 5448 PG: 33

# SCHEDULE A
## To Judgment

Plaintiff:
    Federal National Mortgage
    Association
c/o Seterus Loan Processing Services, 1270 Northland Drive, Suite 200, Mendota Heights, MN 55120

Counsel:
    Brock & Scott, PLLC
    1080 Main Street, Suite 200
    Pawtucket, RI 02860

Defendant:
    First Magnus Financial Corporation, referred to as the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title, interest, or estate, legal or equitable, in the hereafter described land and real estate and mortgage through or under it
Address:
1091 521 Corporate Center Drive
Ft. Mill, SC 29707

Counsel:
    None known

CW File #18-13156

**SCHEDULE B**
**Description of the Real Estate**

A certain lot or parcel of land together with the buildings thereon, situated in the Town of Mexico, as shown on a plan entitled "Plan of Gleason Purchase, Mexico Corner, Maine" signed by Henry Nelson, surveyor, and recorded in Oxford Registry of Deeds dated April 24, 1901 and being lot numbered forty-two (42) on said plan.

Said lot has a frontage on Mexico Avenue of sixty (60) feet and a depth of about one hundred eighteen (118) feet and contains seven thousand one hundred twenty-nine (7,129) square feet.

Also another certain lot or parcel of land situated in said Mexico and being the southerly half of Lot Numbered forty-three (43) on Mexico Avenue according to the Plan entitled "Plan of Gleason Purchase, Mexico Corner, Maine" dated April 24, 1901 signed by Henry Nelson, surveyor, and recorded in Oxford Registry of Deeds.

Said parcel having a frontage on Mexico Corner of thirty (30) feet, a depth of one hundred eighteen and sixty-five one hundredths (118.65) feet and a width in the rear of thirty (30) feet. Being thirty (30) feet off the southerly side of the lot conveyed to James Narusis from Henry Nelson by deed dated December 21, 1916 and recorded in the Oxford County Registry of Deeds in Book 369, Page 89.

Being the same premises as described in the deed from Andrew B. Arsenault to John E. McDonald, Jr. and Theresa J. McDonald dated August 26, 1994 and recorded in Book 2157 Page 195 Oxford County Registry of Deeds.

CW File #18-13156